**James E. PIETRANGELO, II,**
**Plaintiff–Appellant,**

v.

**U.S. DISTRICT COURT VERMONT and Unknown Security Personnel, Defendants–Appellees.**

No. 06–3004–cv.

United States Court of Appeals, Second Circuit.

March 14, 2007.

James E. Pietrangelo, II, pro se, South Burlington, VT, for Plaintiff–Appellant.

John P. Tavan, Assistant United States Attorney for the District of Vermont (Thomas D. Anderson, United States Attorney, Carol L. Shea, Assistant United States Attorney, on brief), for Defendant–Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges.*

---

\* The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, recused himself from consideration of this case. Thus this case is decided by the two remaining members of the panel pursuant to Section 0.14(b) of the Local Rules.

## SUMMARY ORDER

Plaintiff-appellant James Pietrangelo, *pro se,* appeals from the May 17, 2006 judgment of the district court granting the government's motion to dismiss. We presume the parties' familiarity with the underlying facts and procedural history, which we reference only when needed to explain our decision.

Mr. Pietrangelo argues that Judge Murtha, as one of three judges serving the District of Vermont, should have recused himself because of an alleged bias in favor of the defendant, the United States District Court for the District of Vermont. A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), a decision which we review for an abuse of discretion, *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir.1988). This case involves routine questions of sovereign immunity and allegations of unconstitutional actions taken by federal officers. On this record, we cannot conclude as a matter of law that the district court judge abused his discretion by not recusing himself.

Mr. Pietrangelo contends that the district court erred by dismissing on the grounds of sovereign immunity. Well-established principles of sovereign immunity bar suit against the United States unless it consents to be sued, the existence of such consent being a prerequisite for jurisdiction. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Consent to suit "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States,* 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Nordic Vil-*

*lage, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)). Mr. Pietrangelo alleges his constitutional rights were violated by the United States District Court for the District of Vermont. No express statutory waiver of sovereign immunity exists for such a claim. Thus, the sovereign immunity of the United States bars Mr. Pietrangelo's suit.

We also agree with the district court that Mr. Pietrangelo has not pleaded sufficiently a constitutional violation against unknown security personnel.

All outstanding motions are hereby DENIED and the judgment of the district court is AFFIRMED.